UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN ESPINOZA,<br><br>       Petitioner,<br><br>   v.<br><br>CLAUDE MAYE, Warden, U.S. Penitentiary Leavenworth,[1]<br><br>       Respondent. | No.  2:11-cv-00929 KJN (HC)<br><br><br>ORDER |

I.     Introduction

Petitioner is a federal prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter is proceeding before the undersigned based upon the consent of the parties.  See ECF Nos. 4 & 9.

Presently pending before the court are: (1) petitioner's May 28, 2013 motion for leave to amend his habeas petition (ECF No. 22); (2) petitioner's December 9, 2013 motion for judgment

---

[1] Petitioner names Harrell Watts and the Federal Bureau of Prisons as the respondents on the application.  Petitioner was incarcerated at FCI-Herlong at the time he filed this petition.  In his June 2, 2011 answer, respondent noted that Richard B. Ives is the proper respondent in this action as he is the Warden at FCI-Herlong.  See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).  Since the filing of respondent's answer, however, petitioner has since been transferred to U.S. Penitentiary Beaumont (ECF No. 12), then FCI Mendota (ECF No. 20; ECF No. 27 at n.1), and most recently to U.S. Penitentiary Leavenworth (ECF No. 30) where he is currently housed.  Thus, the proper respondent for petitioner's habeas corpus petition would be the Warden of U.S. Penitentiary Leavenworth, Claude Maye.  Accordingly, the court will order that Mr. Maye be substituted as the respondent in this matter.

on the pleadings (ECF No. 31); and (3) petitioner's March 3, 2014 motion for a status conference (ECF No. 32). The court will address these motions in turn below.

II.     Background

The instant petition does not challenge petitioner's conviction or sentence. Rather, petitioner contends that the Bureau of Prisons ("BOP") is executing petitioner's sentence in a way that violates federal law because the BOP denied his request for a nunc pro tunc designation that his state sentence run concurrently with his federal sentence.

In April 2011, petitioner filed his original federal habeas petition, raising the following three issues: (1) the BOP decision to deny petitioner's request for nunc pro tunc designation was arbitrary and capricious because it has changed its practices under the policy; (2) the BOP's decision to deny petitioner's request for nunc pro tunc designation was arbitrary and capricious because prisoners similarly situated to him have received both an adjustment and concurrent sentence by the BOP; and (3) the BOP's practice of either granting or denying a prisoner's nunc pro tunc request violates the separation of powers doctrine. ECF No. 1. Respondent filed an answer on June 2, 2011. ECF No. 13. On July 25, 2011, petitioner filed a traverse. ECF No. 19. Petitioner also filed a supplement to his petition on May 18, 2012, arguing that he may be entitled to relief pursuant to the Supreme Court's holding in Sester v. United States, 132 S. Ct. 1463 (2012). ECF No. 21.

On or about February 21, 2013, while petitioner's April 2011 petition was pending before the court, petitioner filed an administrative remedy appeal with the BOP. Therein, petitioner renewed his request for pre-sentence custody credit and requested the BOP to file a motion with the federal sentencing court pursuant to 18 U.S.C. § 3582(c)(1)(A) and Sester. ECF No. 25 at 50-51. On April 12, 2013, the BOP partially granted petitioner's appeal. Id. at 52-53. Petitioner received a six-month credit for time served in service of his state sentence from the date his federal sentence was imposed. However, petitioner did not receive pre-sentence credit for time spent in service of his state sentence between the date petitioner appeared before the federal court pursuant to a writ of habeas corpus ad prosequendum and the date his federal sentence was imposed. The BOP also denied petitioner's request for it to motion the sentencing court for a

reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A).

In light of the BOP's April 2013 ruling, petitioner filed a motion to amend his petition on May 28, 2013. ECF No. 22. On August 7, 2013, petitioner filed an amended petition. ECF No. 25. Therein, petitioner seeks to raise the following claims: (1) the BOP's policy of denying nunc pro tunc designation under 18 U.S.C. § 3621(b) by applying 18 U.S.C. § 3585(a) exceeds the BOP's statutory authority; (2) the BOP's decision to partially grant petitioner a nunc pro tunc designation pursuant to § 3621(b) violated the Equal Protection Clause; and (3) the BOP abused its discretion when it decided not to seek a sentence reduction on behalf of petitioner pursuant to 18 U.S.C. § 3582(c)(1)(A) because relief was made available under Sester. Id. at 3-6, 17, 38. Petitioner withdrew his claim that the BOP's decision violated the separation of powers. Id. at 6. On August 30, 2013, respondent filed an opposition to the motion to amend and a supplement to respondent's June 2, 2011 answer. ECF No. 27. On September 11, 2013, petitioner filed a reply in support of his motion to amend, requesting that the court strike or deny respondent's opposition. ECF No. 28.

On December 9, 2013, petitioner filed a motion for judgment on the pleadings (ECF No. 31); and on March 3, 2014, petitioner filed a motion for a status conference (ECF No. 32).

III.     Motion to Amend

In his motion, petitioner argues that leave to amend is warranted for two reasons. ECF No. 22. First, the BOP reconsidered and granted his request for a nunc pro tunc designation, rendering his claim for concurrency before the court partially moot. Id. at 1. Second, petitioner's supplemental claim regarding Sester has recently been exhausted and denied, thus rending the issue ripe for the court's consideration. Id. Respondent opposes the motion to amend, arguing that petitioner has been awarded the nunc pro tunc designation he was seeking in his original petition. ECF No. 27 at 2. For the reasons discussed below, the court grants the motion to amend.

A petition for a writ of habeas corpus may be amended or supplemented as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242. Fed. R. Civ. P. 15(a) may be used to permit the petitioner to amend the petition. Withrow v. Williams, 507 U.S. 680, 696 n.7

(1993).  Fed. R. Civ. P. 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within:  (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Petitioner did not amend his petition within 21 days after the answer was filed and therefore his opportunity to amend "as a matter of course" has expired.  Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Factors to be considered when ruling on a motion to amend a habeas corpus petition include bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether or not the party has previously amended his pleadings.  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Here, petitioner filed a motion to amend less than two months after the BOP's April 2013 decision on petitioner's renewed administrative appeal for a nunc pro tunc designation and pre-sentence custody credit.  Thus, petitioner has not delayed the filing of his motion to amend.  Further, it appears that this is the first proposed amendment by petitioner of the petition.  Finally, petitioner filed a proposed amended petition that sets forth the new claims he wishes to raise.  ECF No. 25.  Specifically, petitioner seeks to raise claims that address the BOP's recent April 2013 decision and to abandon his separation of powers claim.  Given the fact that the BOP partially granted petitioner's appeal in April 2013 and petitioner seeks to withdraw one of his claims altogether, the court finds that it would be in the interests of justice to permit amendment.  Accordingly, upon considering the requisite factors, the court grants petitioner's motion to amend.[2]

The court acknowledges that respondent included a supplement to his answer in his opposition to petitioner's motion to amend.  However, the court finds the supplement insufficiently addresses the new claims raised by petitioner.  Therefore, respondent will be ordered to respond to the claims in the amended petition, as described in this order, within thirty

---

[2] In light of this holding, petitioner's May 18, 2012 supplement to his original petition (ECF No. 21) is disregarded; and petitioner's September 11, 2013 request to strike or deny respondent's opposition (ECF No. 28) is denied.

days of the date of this order. Petitioner's traverse, if any, shall be due on or before thirty days from the date respondents' answer is filed; an opposition to a motion to dismiss shall be due within thirty days of service of the motion to dismiss.

IV.     Motion for Judgment on the Pleadings and Motion for Status Conference

On December 9, 2013, petitioner filed a motion for judgment on the pleadings. ECF No. 31. Therein, petitioner moves the court to issue a judgment on petitioner's motion to amend. On March 3, 2014, petitioner filed a motion for a telephonic status conference. ECF No. 32. Petitioner requests the conference in order to resolve his outstanding motion to amend. In light of the court's order herein, both motions are denied as unnecessary.

V.      Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall substitute Claude Maye, Warden, U.S. Penitentiary Leavenworth, as the respondent in this action;

2. Petitioner's May 28, 2013 motion for leave to amend his petition (ECF No. 22) is granted;

3. Petitioner's September 11, 2013 request to strike or deny respondent's opposition (ECF No. 28) is denied;

4. Petitioner's December 9, 2013 motion for judgment on the pleadings (ECF No. 31) is denied as unnecessary;

5. Petitioner's March 3, 2014 motion for a status conference (ECF No. 32) is denied as unnecessary;

6. Respondent is directed to file an answer or a motion to dismiss within thirty days from the date of this order. If an answer is filed, respondent shall include with the answer any and all transcripts or other documents relevant to the determination of the issues presented in the application; and

////

////

////

7. Petitioner's traverse, if any, is due on or before thirty days from the date respondents' answer is filed; an opposition to a motion to dismiss is due within thirty days of service of the motion to dismiss.

Dated: March 31, 2014

espi0929.mta

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE