UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN ESPINOZA,<br><br>    Petitioner,<br><br>    v.<br><br>CLAUDE MAYE, Warden,<br><br>    Respondent. | No. 2:11-cv-0929 KJN P<br><br><br>ORDER |

I. Introduction

    Petitioner is a federal prisoner proceeding without counsel. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

    By order filed March 31, 2014, petitioner was granted leave to file an amended petition. The amended petition does not challenge petitioner's conviction or sentence. Rather, petitioner contends that the Bureau of Prisons ("BOP") is executing petitioner's sentence in a way that violates federal law because the BOP partially denied his request for a *nunc pro tunc* designation that his state sentence run concurrently with his federal sentence. As set forth more fully below, the court denies the petition.

////

////

////

1

II. Factual and Procedural Background

On March 25, 1995, the Third District Court of the State of Utah sentenced petitioner to five years to life imprisonment for aggravated robbery. (ECF No. 37-1[1] at 2; 17.) On December 14, 1999, petitioner was paroled from the Utah State Prison. (ECF No. 37-1 at 22.)

On January 20, 2000, petitioner committed the instant federal offense of aiding and abetting a bank robbery while on state parole. (ECF No. 37-1 at 13-16, 18.) On January 25, 2000, petitioner was arrested by a Utah State parole officer after petitioner was seen in a drinking establishment past curfew, and he was subsequently returned to the Utah State Prison. (ECF No. 37-1 at 16.)

On March 9, 2000, a writ of habeas corpus ad prosequendum was issued by the United States District Court for the District of Utah for the production of petitioner to appear before the court on March 14, 2000, to answer for the federal bank robbery charge. (ECF No. 37-1 at 26.) On October 26, 2001, the District of Utah entered judgment against petitioner whereby he received a sentence of 200 months imprisonment for aiding and abetting an armed bank robbery. (ECF No. 37-1 at 40-44.) The judgment was silent as to whether the petitioner's federal sentence should be served concurrently with that imposed by the State of Utah. (ECF No. 37-1 at 40.) Petitioner was then transferred back to the custody of the State of Utah on November 1, 2001, in satisfaction of the writ of habeas corpus ad prosequendum. (ECF No. 37-1 at 20, 37-38.)

On March 26, 2002, the Board of Pardons and Parole of the State of Utah revoked petitioner's state parole supervision with an effective date of December 14, 1999. (ECF No. 37-1 at 47.) Additionally, the Utah Parole Board terminated petitioner's state sentence as of April 30, 2002. (ECF No. 37-1 at 47.) On April 30, 2002, petitioner was released on his state charges and transferred to the federal authorities.

////

////

---

[1] ECF No. 37-1 is the declaration of Forest B. Kelly, a Correctional Programs Specialist at the BOP's Designation and Sentence Computation Center. Petitioner's sentencing file was certified on April 2, 2013. (ECF No. 37 at 4.)

On June 29, 2010, the United States District Court for the District of Utah issued a decision regarding petitioner's request to have his federal sentence run concurrently with his previously served state sentence. (ECF No. 37-1 at 49-50.) The court stated as follows:

> Defendant is seeking to have approximately 26 months of his 200-month federal sentence run concurrently with his state sentence. He represents that the BOP has found him ineligible for credit against his federal sentence for those months because he already received credit for those months against his state sentence.
>
> The Court will grant the request and make such a recommendation. However, Defendant is reminded that while the Court may make such a recommendation, the BOP is not bound to follow that recommendation. It is only the BOP that has the authority to make a *nunc pro tunc* designation of the state facility in which Defendant was serving his state sentence as the place of his federal confinement.

(ECF No. 37-1 at 49-50.) On November 10, 2010, the BOP denied petitioner's request for a *nunc pro tunc* designation. (ECF No. 37-1 at 52-53.) The BOP stated as follows with respect to the factors under 18 U.S.C. § 3621(b):[2]

> Factor (1) - the resources of the facility contemplated: Inmate Espinoza arrived in the BOP in 2002, after completion of his Utah State Parole Violation sentence. He was initially designated to FLP, ultimately receiving transfers and currently designated at FCI Herlong.
>
> Factor (2) - the nature and circumstances of the offense: Inmate Espinoza was convicted of Armed Bank Robbery and Aiding and Abetting. This offense is violent in nature. Circumstances of this case are that Espinoza and an accomplice robbed a bank at gun point. During the crime, Espinoza put the weapon in the victim tellers face.
>
> Factor (3) - the history and characteristics of the prisoner (to include institutional adjustment and prior criminal history) Inmate Espinoza is currently housed at FCI Herlong. He has participated and completed most routine programming, with the exception of Drug Treatment. He has the following disciplinary action:
>
> > Use of Drugs - 2008
> > Violating Visiting Regulations - 2005
> > Assaulting w/o serious injury - 2005
> > Refusing to Obey an Order - 2005
> > Being in Unauthorized Area - 2004

---

[2] 18 U.S.C. § 3621(b) delineates five factors the BOP considers when it reviews a request for a *nunc pro tunc* designation of a state prison as the place of confinement for a federal sentence.

3

His criminal history which includes his Utah State Parole Violation sentence he released from on 4-30-02, includes:

> Juvenile Adjudications from 1983 - 1993
> Adult:
>
>> Trespass - 1994
>> Burglary - 1994
>> Aggravated Burglary - 1994
>> Burglary of a Vehicle - 1994
>
> Factor (4) - any statement by the court that imposed the sentence (to include no response from the judge:  The court issued an order granting the inmate's motion to recommend a *Nunc Pro Tunc* designation, even though criteria pursuant to Barden [v. Keohane, 921 F.2d 476 (3rd Cir. 1990)], had not been met.  Order issued June 29, 2010.
>
> PACER was checked for additional documentation, if there was no response from the court: N/A
>
> Factor (5) - Any pertinent policy statement issued by the Sentencing Commission pursuant to section 994 (a)(2) of title 28: N/A

(ECF No. 37-1 at 52-53.)  In denying his request for *nunc pro tunc* designation, the BOP cited as justification factors (2), (3) and (4).  (ECF No. 37-1 at 52-53.)

In April 2011, petitioner filed his original federal habeas petition, raising the following three issues:  (1) the Bureau of Prisons ("BOP") decision to deny petitioner's request for *nunc pro tunc* designation was arbitrary and capricious because they have changed their practices under the policy; (2) the BOP's decision to deny petitioner's request for *nunc pro tunc* designation was arbitrary and capricious because prisoners similarly situated to him have received both an adjustment and concurrent sentence by the BOP; and (3) the BOP's practice of either granting or denying a prisoner's *nunc pro tunc* request violates the separation of powers doctrine.  (ECF No. 1.)  Respondent filed an answer on June 2, 2011.  (ECF No. 13.)  On July 25, 2011, petitioner filed a traverse.  (ECF No. 19.)  Petitioner also filed a supplement to his petition on May 18, 2012, arguing that he may be entitled to relief pursuant to the Supreme Court's holding in Setser v. United States, 132 S. Ct. 1463 (2012).

On or about February 21, 2013, while petitioner's April 2011 petition was pending before the court, petitioner filed an administrative remedy appeal with the BOP.  Therein, petitioner

renewed his request for pre-sentence custody credit and requested the BOP to file a motion with the federal sentencing court pursuant to 18 U.S.C. § 3582(c)(1)(A)[3] and Setser. (ECF No. 25 at 50-51.) On April 12, 2013, the BOP partially granted petitioner's appeal, and with respect to petitioner's request for a pre-sentence custody credit, stated:

> Title 18 U.S.C. § 3585(b) precludes the application of any time that has been credited against another sentence toward the federal sentence. BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), also states in part, "time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time." Records reflect the time you spent in custody from January 25, 2000, through April 29, 2002, was credited to your state sentence. Therefore, this time is not creditable toward your federal sentence as pre-sentence custody credit.
>
> Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, however, advises that as a result of the decision in Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a *nunc pro tunc* designation.

(ECF No. 25 at 52-53.) The BOP reviewed the factors under 18 U.S.C. § 3621(b) and determined that a partial *nunc pro tunc* designation was appropriate. In that regard, the BOP stated that petitioner's "federal sentence has been computed to commence on the earliest possible date of October 26, 2001, the date it was imposed, to effect concurrency with [his] state sentence." (ECF No. 25 at 53.) Petitioner did not receive pre-sentence credit for time spent in service of his state sentence between March 14, 2000, the date petitioner appeared before the federal court pursuant to a writ of habeas corpus ad prosequendum, and October 25, 2001, the date his federal sentence was imposed. The BOP also denied petitioner's request for it to motion the sentencing court for a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A). In that regard, the BOP stated:

> In regards to your request for the BOP to motion the Court for a reduction in sentence, BOP Program Statement 5050.46, Compassionate Release; Procedures for Implementation of 18 U.S.C. [§] 3582 (C)(1)(A) and 4205(g), provides that a sentencing Court may reduce the term of imprisonment of an inmate sentenced under the Comprehensive Crime Control Act of 1984, upon motion of the Director of the BOP. This Program Statement states, in part,

---

[3] 18 U.S.C. § 3582(c)(1)(A) provides that the BOP may motion the sentencing court for a reduction in sentence if it finds that "extraordinary and compelling reasons warrant such a reduction."

5

> that a motion will be made "only in particularly extraordinary or compelling circumstances that could not reasonably have been foreseen by the court at the time of sentencing."
>
> After review, we concur with the manner in which the Warden and Regional Director responded to your Request for Administrative Remedy and subsequent appeal. The sentencing Court made its position clear in its recommendation to the BOP to run your federal sentence concurrent with your state sentence. Accordingly, we find no extraordinary or compelling circumstances which would warrant the Director to initiate a motion to the Court pursuant to 18 U.S.C. § 3582 (c)(1)(A).

(ECF No. 25 at 53-54.)

By order filed March 31, 2014, petitioner's motion to amend the instant petition was granted. The amended petition contains the following three claims: (1) the BOP's policy of denying *nunc pro tunc* designation under 18 U.S.C. § 3621(b) by applying 18 U.S.C. § 3585(a) exceeds the BOP's statutory authority; (2) the BOP's decision to partially grant petitioner a *nunc pro tunc* designation pursuant to § 3621(b) violated the Equal Protection Clause; and (3) the BOP abused its discretion when it decided not to seek a sentence reduction on behalf of petitioner pursuant to 18 U.S.C. § 3582(c)(1)(A) because relief was made available under Setser, 132 S. Ct. at 1463. (ECF No. 25 at 3-6, 17, 38.) Petitioner abandoned his fourth claim alleging violation of separation of powers. (ECF No. 25 at 6.)

The court issued a briefing order, and on May 30, 2014, respondent filed an answer, and on June 24, 2014, petitioner filed a traverse.

III.  Jurisdiction

Under 28 U.S.C. § 2241, habeas corpus relief is available to a federal prisoner in custody under the authority of the United States if he can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3).  While a federal prisoner challenging the validity or constitutionality of a conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of the execution of that sentence is required to bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the

6

1  sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's
2  execution must be brought pursuant to § 2241 in the custodial court."). Under § 2241, a habeas
3  corpus petition must be brought in the judicial district of the petitioner's custodian. See id. at
4  865.

IV.  Venue

Venue was proper in this district when this action was filed because petitioner was incarcerated at FCI-Herlong at the time. Petitioner has since been transferred to the U.S. Penitentiary Leavenworth which is in the District of Kansas. However, this court continues to exercise jurisdiction over this action, notwithstanding petitioner's transfer. See Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990) ("'[J]urisdiction attaches on the initial filing for habeas corpus relief, and is not destroyed by a transfer of the petitioner and the accompanying custodial change.") (internal quotation marks and citations omitted).

V.  Discussion

Petitioner seeks an additional twenty month credit on his sentence. His calculation is based on his theory that while he was serving time on his state parole revocation, but was housed in federal custody awaiting trial on federal charges, such time should be credited toward his federal sentence based on the federal court's order that petitioner's sentences should be served concurrently.

A.  Claim I - BOP Decision Exceeded Statutory Authority

Petitioner seeks reconsideration of the BOP's denial of his request for a *nunc pro tunc* designation for his pre-sentence time served. In that regard, petitioner argues that the BOP exceeded its statutory authority. (ECF No. 25 at 17.)

By way of background to this claim, the record reflects the following relevant facts. On November 10, 2010, at petitioner's request, the BOP reviewed petitioner's eligibility for a retroactive designation under the § 3621(b) factors and initially determined that such a designation would not be appropriate. (ECF No. 37-1 at 52-53.) In February 2013, while petitioner's original petition was pending before the court, petitioner submitted a second appeal requesting the BOP to again consider granting him a *nunc pro tunc* designation of twenty-six

months, the duration of his state sentence. (ECF No. 25 at 50-51.) The BOP again reviewed petitioner's eligibility, this time granting him a partial *nunc pro tunc* designation resulting in a six-month credit. (Id. at 52-54.) However, the BOP denied petitioner a twenty-month pre-sentence credit. In making its determination, the BOP explained that:

> Title 18 U.S.C. § 3585(b) precludes the application of any time that has been credited against another sentence toward the federal sentence. . . . Records reflect the time you spent in custody from January 25, 2000, through April 29, 2002, was credited to your state sentence. Therefore, this time is not creditable toward your federal sentence as pre-sentence custody credit.
>
> Program Statement 5160.05, . . . *however*, advises that as a result of the decision in Barden . . . , *the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation.*
>
> *Accordingly, your case was reviewed based on the relevant factors set forth in Title 18 U.S.C. § 3621(b). . . .*

(ECF No. 25 at 52-53 (emphasis added).) The BOP discussed factors (2), (3) and (4) and partially granted petitioner's request for *nunc pro tunc* designation. (ECF No. 25 at 52-53.) With regard to its consideration of factor (4), the BOP explicitly acknowledged that "the sentencing Court issued an Order on June 29, 2010, recommending the Bureau of Prisons grant [petitioner's] request for a *nunc pro tunc* designation." (ECF No. 25 at 52.) Petitioner's federal sentence was computed to commence on October 26, 2001, when his federal sentence was imposed. (ECF No. 25 at 52-53.) The BOP declined to grant a *nunc pro tunc* designation for petitioner's pre-sentence time served between March 14, 2000, and October 26, 2001.

In his first claim, petitioner argues that the BOP's "limitation" under 18 U.S.C. § 3585(a), (b) is invalid because it ignores the exception provided in 18 U.S.C. § 3621(b) and it "impermissibly curtails" consideration of the federal court's recommendation that his federal sentence run concurrently with his state sentence. (ECF No. 25 at 17-18.) Petitioner further argues that "the BOP has promulgated a policy that categorically excludes a prisoner from receiving § 3621(b) credit prior to the date of the imposition of the federal sentence pursuant to 18 U.S.C. § 3585(a)." (ECF No. 25 at 17.) Petitioner concedes that he is not eligible for credit for time served under 18 U.S.C. § 3585(a). (ECF No. 25 at 19.) However, he argues that 18

8

U.S.C. § 3621(b) provides an exception to this bar and vests with the BOP the authority to consider the five factors therein. (ECF No. 25 at 20-21.) In that regard, he argues that the BOP only partially applied this exception in his case which "exceeds its authority under 18 U.S.C. § 3621(b)." (ECF No. 25 at 21-23.) Petitioner claims that he "does not challenge individualized determinations. Rather, he challenges the BOP's decision to curtail his retroactive relief under § 3621(b) via § 3585(a)." (ECF No. 25 at 24.) Finally, petitioner claims that "18 U.S.C. § 3621(b)(4) mandates the BOP to consider the sentencing court's input, and -- as long as that input or recommendation does not run contrary to the district court's sentencing authority -- the BOP cannot discard it from consideration of retroactive relief." (ECF No. 25 at 29.) Petitioner claims that he is "entitled to remand for reconsideration of his request for retroactive relief under 18 U.S.C § 3621(b)." (ECF No. 25 at 29.)[4]

"On its face, [18 U.S.C.] § 3621(b) gives the BOP only the administrative responsibility to identify the facility in which a federal prisoner will serve out the sentence imposed by the district court." Reynolds v. Thomas, 603 F.3d 1144, 1150 (9th Cir. 2010), abrogated on other grounds by Setser, 132 S. Ct. at 1473. The BOP regulations provide that it may designate a state prison as the facility for service of a federal sentence, thus allowing for concurrent state and federal sentences, in certain circumstances, including when an inmate requests a *nunc pro tunc* designation and the district court does not object or when a state jurisdiction makes such a request. BOP Program Statement 5160.05. The BOP evaluates requests for *nunc pro tunc* designation by considering:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence -
>     (A) concerning the purposes for which the sentence
>         to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional
>         facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing
>     Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

---

[4] In his traverse, petitioner agrees that the federal judge in Utah did not adjust petitioner's sentence under U.S.S.G. § 5G1.3(c), and that the BOP has no authority to impose such an adjustment. (ECF No. 38 at 7.) Thus, the court does not address § 5G1.3(c).

In <u>Reeb v. Thomas</u>, 636 F.3d 1224 (9th Cir. 2011), the Ninth Circuit held that the plain language of 18 U.S.C. § 3625, which is entitled, "Inapplicability of the Administrative Procedure Act," bars judicial review of any substantive "'determination, decision or order' made pursuant to 18 U.S.C. §§ 3621 - 3624." <u>Reeb</u>, 636 F.3d at 1226.[5] "To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625." <u>Reeb</u>, 636 F.3d at 1227. However, as the Ninth Circuit noted in <u>Reeb</u> and reiterated in <u>Close v. Thomas</u>, 653 F.3d 970, 973-74 (9th Cir. 2012) (citing <u>Reeb</u>, 636 F.3d at 1228), "'judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority[.]'"

Here, petitioner's argument that the BOP exceeded its statutory authority when it denied his request for a twenty-month pre-sentence credit solely under 18 U.S.C. § 3585 is belied by the record. A plain reading of the BOP's April 12, 2013 decision shows that it cited § 3585 as precluding the application of time that was credited against another sentence, then explained that "Program Statement 5160.05, . . . *however*, advises that as a result of the decision in <u>Barden</u> . . . *the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation*." (ECF No. 25 at 52-53 (emphasis added).) The BOP proceeded to examine three of the five factors under 18 U.S.C. § 3621(b), finding that a partial designation was appropriate. (ECF No. 25 at 53.) Considering the BOP's decision, there is simply no credence for petitioner's argument that the BOP used 18 U.S.C. § 3585(a) "to deny [him pre-sentence] credit under § 3621(b)." (ECF No. 25 at 17.) On the contrary, the BOP properly reviewed petitioner's case under the § 3621(b) factors and made an individualized determination to partially deny him pre-sentence credit of twenty months. This conclusion is further buttressed by the fact that the BOP found a partial designation of six months was in fact appropriate under the § 3621(b) factors. While the BOP did not find that a twenty-six-month designation was appropriate, as petitioner requested in his

---

[5] In light of <u>Reeb</u>, petitioner's reliance on the APA (ECF No. 38 at 8-11) is unavailing.

February 2013 appeal, that finding does not necessarily mean that the BOP did not consider the statutory factors in § 3621(b) as applied to petitioner's request for a pre-sentence credit of twenty months. Here, the record shows that the BOP's decision was made pursuant to 18 U.S.C. § 3621(b). Petitioner has failed to show any action on the part of the BOP that exceeded its statutory authority. Close, 653 F.3d at 974.[6]

With regard to petitioner's argument that the BOP failed to "consider the sentencing court's input," as a result of its application of § 3585(a) to deny him pre-sentence credit, the court finds that this argument is also belied by the record. The BOP stated in its decision that "[i]n considering factor (4) [under 18 U.S.C. § 3621(b)], we note the sentencing Court issued an Order on June 29, 2010, recommending the Bureau of Prisons grant your request for a *nunc pro tunc* designation." (ECF No. 25 at 53.) Thus, the record is clear that petitioner received individualized consideration for *nunc pro tunc* designation based on the relevant factors set forth in 18 U.S.C. § 3621(b), including the sentencing court's June 2010 recommendation.[7]

To the extent petitioner seeks review of the BOP's decision because he is dissatisfied with its individualized determination to partially deny petitioner a retroactive designation of his sentence, this court lacks jurisdiction to challenge the BOP's discretionary determination. Reeb, 636 F.3d 1224; see also Baskerville v. Babcock, 2012 WL 2562350, at *6-7 (E.D. Cal. June 29,

---

[6] Even assuming, *arguendo*, that petitioner was denied additional credit against his federal sentence for time credited to his state sentence under 18 U.S.C. § 3585, the BOP did not exceed its statutory authority. To give petitioner credit for his prior custody on both his state sentence and his federal sentence violates the plain language of § 3585(b) and is barred by United States v. Wilson, 503 U.S. 329, 337 (1992) ("Congress made clear [in § 3585(b)] that a defendant could not receive a double credit for his detention time."). See also Lay v. Gill, 2014 WL 2200388, *1 (9th Cir. May 28, 2014) ("record reflects that the credits earned during that period were applied to Lay's state sentence, and therefore they cannot be credited towards his federal sentence."); Cordero v. Benov, 2014 WL 2119293 (9th Cir. May 22, 2014) (same); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir. 1998).

[7] The court notes that the sentencing court reminded petitioner that "the BOP is not bound to follow that recommendation [and] [i]t is only the BOP that has the authority to make a *nunc pro tunc* designation." (ECF No. 37-1 at 50.) Furthermore, the sentencing court's recommendation is only one of several factors that must be addressed under § 3621(b). Here, the BOP also considered petitioner's federal offenses of armed bank robbery and aiding and abetting; and petitioner's "numerous juvenile adjudications and adult criminal convictions." (ECF No. 25 at 53.) Indeed, this is the second time the BOP reviewed petitioner's case under § 3621(b). (See ECF No. 37-1 at 52-53) (analyzing each of the five factors and denying *nunc pro tunc* designation; citing factors (2), (3) and (4) as justification).

2012) (holding that court lacks jurisdiction to review BOP's discretionary determination regarding *nunc pro tunc* designation citing Reeb); Butler v. Sanders, 2012 WL 893742, at *5 (C.D. Cal. Jan. 23, 2012) (holding that court lacks jurisdiction to review BOP's decision denying request for retroactive designation under § 3621(b) citing Reeb).

In conclusion, although this court has jurisdiction to determine whether the BOP exceeded statutory authority or is otherwise contrary to established federal law, petitioner has not alleged facts that point to a real possibility that the BOP exceeded its statutory authority. For these reasons, Claim I is denied.

### B. Claim II – Equal Protection Clause

In Claim II, petitioner asserts as follows:

> Petitioner seeks the BOP's reconsideration of his request for retroactive relief based on a claim that the BOP's partial designation violated the Equal Protection Clause. He asserts that the BOP has granted other -- similarly situated -- prisoners retroactive relief for the time they served in state prison prior to the date that their federal sentence was imposed. The BOP has, however, denied petitioner this same relief. He argues that the BOP's decision to treat, him differently violated his right to equal protection under federal law.

(ECF No. 25 at 29-30.) As previously described, the Ninth Circuit in Reeb stated that judicial review was barred from analyzing a BOP's discretionary determination made pursuant to § 3621. However, judicial review remains available for allegations that BOP action was contrary to established federal law, violated the United States Constitution, or exceeded statutory authority. Reeb, 636 F.3d at 1228; Close, 653 F.3d at 973-74.

Here, petitioner asserts that the BOP's decision to partially deny him pre-sentence credit violated his constitutional rights because other similarly situated prisoners were granted retroactive designations. In support of his argument, petitioner asserts that other prisoners whose sentencing judges made statements in support of retroactive designation were granted retroactive designation by the BOP, yet he was not. To the extent that petitioner raises an Equal Protection Clause argument, it is not barred from judicial review as it raises a claim that the BOP's action violates the Constitution.

////

The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Petitioner can establish an equal protection claim by showing that he was intentionally discriminated against based on his membership in a protected class, see Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were treated differently without a rational basis for the difference in treatment. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam). To state an equal protection claim under this second theory, petitioner must allege that: (1) he was intentionally treated differently from others similarly situated; and (2) there is no rational basis for the difference in treatment. See Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 601 (2008).

Petitioner fails to show that he is a member of a protected class. The Ninth Circuit has held that "neither prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes. See United States v. Whitlock, 639 F.3d 935, 941 (9th Cir. 2011).

Therefore, petitioner can only establish his equal protection claim if he shows that he was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. The rational basis inquiry is a very lenient one, see RUI One Corp. v. City of Berkeley, 371 F.3d 1137, 1156 (9th Cir. 2004), and governmental action only fails rational basis scrutiny if no sound reason for the action can be hypothesized." See Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 367 (2001).

In this case, petitioner fails to show that the BOP's decision had no rational basis. While he cites to the fact that the federal court in Utah recommended that his federal sentence run concurrently with his state sentence, the BOP also relied on other factors such as the nature and circumstances of the offense and the history and characteristics of the prisoner in denying his request. Furthermore, even the federal court in Utah noted in its recommendation that the BOP was not bound to follow the recommendation. Under these circumstances, petitioner fails to show that the BOP lacked a rational basis in denying his request for a *nunc pro tunc* designation.

Accordingly, petitioner is not entitled to relief on Claim II.

////

D. Claim III – Abuse of Discretion

In Claim III, petitioner:

> Seeks the BOP's reconsideration of relief pursuant to 18 U.S.C. § 3582(c)(1)(A). Under § 3582(c), the BOP is empowered to move the federal sentencing court for consideration of reducing a prisoner's sentence when either (1) extraordinary and compelling reasons warrant a reduction or (2) the prisoner meets other criteria for relief. 18 U.S.C. § 3582(c)(1)(A). Petitioner argues that the BOP abused its discretion when it failed to apply a full consideration of the federal sentencing court's published intent and sentencing dilemma as relevant factors in support of sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

(ECF No. 25 at 33.) Petitioner also argues that the federal court's "sentencing intent and sentencing dilemma, as described in Setser, established extraordinary and compelling circumstances warranting sentence-reduction relief under 18 U.S.C. § 3582(c)(1)(A)." (ECF No. 38 at 16.) Petitioner contends that the BOP's belief that it "could not grant petitioner's sentence prior to the date his sentence was imposed, . . . weighed in favor of relief under § 3582(c)(1)(A)." (ECF No. 25 at 36.)

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the BOP may seek the reduction of a prisoner's sentence in federal court, referred to as a "compassionate release." The BOP has broad discretion in deciding whether to seek a sentence reduction on behalf of a prisoner. The statute provides in relevant part that the "court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the [BOP], may reduce the term of imprisonment . . ., if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

The Ninth Circuit has determined that based on this broad grant of discretion, the BOP's decision concerning whether to file a motion for a sentence reduction based on compassionate release is not judicially reviewable. See Simmons v. Christensen, 894 F.2d 1041, 1042-43 (9th Cir. 1990); see also Crowe v. United States, 430 Fed. Appx. 484 (6th Cir. 2011) (holding that a federal court lacks authority to review a decision by the BOP to not seek a compassionate release

////

////

for an inmate under § 3582(c)(1)(A)(i)); Fernandez v. United States, 941 F.2d 1488, 1493 (11th Cir. 1991); Turner v. U.S. Parole Com'n, 810 F.2d 612, 615 (7th Cir. 1987).[8]

Accordingly, the court concludes that it has no authority to review the BOP's discretionary decision to deny petitioner's request to seek a sentencing reduction pursuant to § 3582(c)(1)(A), and Claim III is denied.

### E.  Setser v. United States

With regard to petitioner's argument that the failure to consider Setser and grant petitioner's entire 26 month credit was an abuse of discretion by the BOP, such argument fails to overcome the bar to judicial review of a BOP decision under § 3585 for several reasons.

In Setser, the Supreme Court was presented with the issue of "whether a district court, in sentencing a defendant for a federal offense, has authority to order that the federal sentence be consecutive to an anticipated state sentence that has not yet been imposed." 132 S. Ct. at 1466. The Supreme Court ultimately held that a federal court has authority to order its sentence to run consecutively to a yet to be imposed state sentence. See id. at 1473. "In reaching this conclusion, the [Supreme] Court recognized that the sentencing function is to be exercised by the federal judiciary alone, and the BOP, as an arm of the same branch of government that prosecutes criminals, is confined to executing that sentence." Loveless v. Ziegler, 2012 WL 3614315, *4 (S.D. W. Va. Aug. 21, 2012) (citing Setser, 132 S. Ct. at 1470). Nevertheless, Setser stated "that the BOP's *nunc pro tunc* decision making authority under § 3621(b) is not an exercise of sentencing authority, but a 'determin[ation] [of] how long the District Court's sentence authorize[s] it to continue [the defendant's] confinement.'" Loveless, 2012 WL 3614315 at *4, quoting Setser, 132 S. Ct. at 1473; see also Elwell v. Fisher, 716 F.3d 477, 483-84 (8th Cir. 2013)

---

[8] Simmons, Fernandez, and Turner held that 18 U.S.C. § 4205(g), the predecessor to § 3582(c)(1)(A), gave the BOP unreviewable discretion in its decisions to move a court for a sentence reduction and that there was no constitutional or statutory right to challenge the BOP's decision. The predecessor statute, 18 U.S.C. § 4205(g), provided in pertinent part:  "At any time upon motion of the [BOP], the court may reduce any minimum term to the time the defendant has served." In 1987, the statute was repealed, although it remains applicable to prisoners sentenced before that date. The sentence reduction provision was incorporated into 18 U.S.C. § 3582(c)(1)(A). See Gutierrez v. Anderson, 2006 WL 3086892, at *4 (D. Minn. Oct.30, 2006).

1  ("the Court recognized that the BOP possessed discretionary authority to designate a state facility
2  as a place for federal confinement pursuant to 18 U.S.C. § 3621, but rejected characterization of
3  that BOP authority as de facto 'sentencing authority.'"), citing Setser, 132 S. Ct. at 1470.
4        When petitioner was initially sentenced, the judgment was silent as to whether his federal
5  sentence should run consecutively or concurrently with his state sentence. It was only in June
6  2010, when petitioner sought a recommendation that his federal sentence run concurrently with
7  his state sentence that the federal court granted the request and made such a recommendation.
8  Relying on these circumstances and Setser, petitioner argues that because the sentencing court
9  made the recommendation in 2010 as a result of a "sentencing dilemma," the BOP should have
10 motioned the sentencing court under § 3585 for a reduction in his federal sentence. Petitioner
11 mischaracterizes the sentencing court's 2010 recommendation, and the holding in Setser.
12       First, petitioner is incorrect in arguing that "[t]he sentencing court's reason . . . for making
13 the recommendation was based on its inability to either modify sentence or account for the
14 unanticipated developments that transpired years after the imposition of sentence." (ECF No. 25
15 at 38.) The sentencing court made no reference to a "sentencing dilemma" in its
16 recommendation. On the contrary, the sentencing court issued the recommendation in response to
17 petitioner's request, reminding petitioner that the BOP "is not bound to follow that
18 recommendation." (ECF No. 37-1 at 50.) Thus, the sentencing court's post-judgment
19 recommendation was not an order that petitioner's federal sentence be consecutive to his state
20 sentence as it was in Setser. Here, the BOP properly reviewed the § 3621(b) factors, which
21 included consideration of the court's 2010 recommendation, and ultimately partially denied
22 petitioner's request for a *nunc pro tunc* designation to make his federal sentence concurrent to his
23 state sentence. (ECF No. 37-1 at 52-3); see Loveless 2012 WL 3614315 at *6-7 (even if the
24 court's post-judgment indication that it had no objection to the BOP exercising its authority to
25 grant a request for *nunc pro tunc* designation was construed as an order, "the BOP is required
26 only to consider the Court's recommendation as one of five factors in deciding whether [to] grant
27 or deny *nunc pro tunc* designation. It is under no statutory obligation to yield to the sentencing
28 judge's recommendation, and indeed, to do so would be an abuse of discretion.") (citation

omitted). As explained above, the court does not have jurisdiction to review the BOP's individualized determination pursuant to § 3621(b). Reeb, 636 F.3d at 1224.

Second, Setser held that a district court has the discretion to order a federal sentence to run consecutively to an anticipated state sentence. Setser, 132 S. Ct. at 1473. However, in the instant action, when petitioner was initially sentenced the federal sentencing court was silent on whether the federal sentence was to run concurrent to a yet to be imposed state sentence. (ECF No. 37-1 at 40-44.) Here, the sentencing court did not order the federal sentence to run consecutively to the state sentence, and the court is not presented with a situation in which the BOP ignored such an order. The BOP correctly interpreted the federal sentencing court's silence as to whether the state and federal sentences should be concurrent or consecutive as requiring consecutive sentences under 18 U.S.C. § 3584(a).[9] See Setser, 132 S. Ct. at 1470 ("When § 3584(a) specifically addresses decisions about concurrent and consecutive sentences, and makes no mention of the Bureau's role in the process, the implication is that no such role exists.").

Finally, while Setser explained that "when the district court's failure to anticipat[e] developments that take place after the first sentencing . . . produces unfairness to the defendant, the [Sentencing Reform Act of 1984, 18 U.S.C. § 3584] provides a mechanism for relief," Setser, 132 S. Ct at 1472 (citing 18 U.S.C. § 3582(c)(1)(A)), there is no basis to conclude that Setser authorizes post-judgment modification of a sentence by this court. In fact, the decision in Setser contemplates that post-judgment adjustments will be addressed by the BOP:

> There will often be late-onset facts that materially alter a prisoner's position and that make it difficult, or even impossible, to implement his sentence. This is where the Bureau of Prisons comes in -- which ultimately has to determine how long the District Court's sentence authorizes it to continue [petitioner's] confinement. [Petitioner] is free to urge the Bureau to credit his time served in state court . . . . If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. And if that does not work, he may seek a writ of habeas corpus.

---

[9] 18 U.S.C. § 3584(a) provides: "Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

17

Setser, at 1473. Here, the BOP denied petitioner's request for relief under § 3582, noting that "[t]he sentencing court made its position clear in its [June 2010] recommendation," and this court does not have the authority to challenge the BOP's decision. Simmons, 894 F.2d 1041.

For these reasons, the Supreme Court's holding in Setser does not alter the bar to judicial review of whether the BOP abused its discretion when it denied petitioner's request for a motion pursuant to § 3582.

VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that the petition is denied.

Dated: August 22, 2014

/espi0929.2241f

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE