UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN ESPINOZA, | No. 2:11-cv-0929 KJN P |
| Petitioner, | |
| v. | ORDER |
| CLAUDE MAYE, Warden, | |
| Respondent. | |

Petitioner is a federal prisoner, proceeding without counsel. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). By order filed August 22, 2014, the petition for writ of habeas corpus under 28 U.S.C. § 2241 was denied and judgment was entered. On September 22, 2014, petitioner filed a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Respondent filed an opposition, and petitioner filed a reply. Upon review of the briefing and the record, the undersigned denies petitioner's motion.

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a previously entered order. Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Generally, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly

1

discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Kona Enterprises., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation and citation omitted); School Dist. No. 1J, Multnomah Cnty., Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll, 342 F.3d at 945 (citing Kona, 229 F.3d at 890).

Here, petitioner first contends that the court's conclusion that it lacked jurisdiction to challenge the individualized *nunc pro tunc* determination under 18 U.S.C. § 3621(b) by the Bureau of Prisons ("BOP") was clear error because the BOP used 18 U.S.C. § 3585 to limit the amount of a *nunc pro tunc* designation that the BOP awarded petitioner under § 3621(b). Petitioner argues that the *nunc pro tunc* designation is an exception which should not be limited by § 3585. Respondent counters that petitioner selectively referenced the court's opinion, and that the opinion, in its entirety, makes clear that although the decision to award an inmate *nunc pro tunc* credit is made by a consideration of the factors set forth in § 3621(b), the BOP does not exceed its statutory authority by complying with § 3585(b), which bars an inmate from receiving credit toward his federal sentence for jail time that was credited toward a state sentence. (ECF No. 46 at 3-4.) Moreover, respondent argues that the BOP was prohibited from awarding petitioner the additional twenty months' credit because under § 3585(a), a federal sentence cannot commence until the inmate is sentenced in federal court. (ECF No. 46 at 4.)

Respondent's reading of the court's order is accurate. Title 18 U.S.C. § 3621(b) does not permit the BOP to backdate the commencement of petitioner's federal sentence. Petitioner began serving his state parole revocation on January 27, 2000. (ECF No. 37 at 5.) The federal sentencing court did not sentence petitioner until October 26, 2001. Although § 3621(b) permits the BOP to designate a state prison as the place where a prisoner serves a federal sentence, it does not permit the court or the BOP to order that a federal sentence commence before that sentence was imposed. Schleining v. Thomas, 642 F.3d 1242, 1244 (9th Cir. 2011) ("a federal sentence cannot commence until a prisoner is sentenced in federal district court"); see also Calvert v. Thomas, 2012 WL 707073 (D. Or. March 5, 2012) (same). Thus, the BOP did not exceed its

1  statutory authority by complying with § 3585(b).  Because the undersigned does not find the

2  August 22, 2014 order contained clear error or manifest errors of law, petitioner's motion for

3  reconsideration under Rule 59(e) is denied.

4  In addition, petitioner contends that new evidence warrants the court's reconsideration of

5  its order, or in the alternative, an order allowing petitioner to amend his request before the BOP.

6  Petitioner cites to an order issued on September 8, 2014, in United States v. Espinoza, Case No.

7  2:00-CR-56 TS, by the United States District Court for the District of Utah, in which Judge

8  Stewart clarifies that the

> recommendation concerning retroactive designation was to begin on March 15, 2000, the date that [petitioner] first appeared in federal court.  The Court reiterates that while it may make such a recommendation, it is the BOP that [] is ultimately responsible for determining this issue and the BOP is not bound by the Court's recommendation.

13  (ECF No. 41 at 8.)  Respondent concedes that the agency was unaware of this 2014 order during

14  the pendency of this action, but argues that the 2014 order does not provide grounds for

15  reconsideration because the BOP cannot grant a reduction in sentence that would have a federal

16  sentence commence prior to the date authorized by statute, 18 U.S.C. § 3585(a); and there is no

17  jurisdiction to review a discretionary denial by the BOP under 18 U.S.C. § 3582(c)(1)(A).

18  Regardless of Judge Stewart's 2014 order, the BOP has discretion to implement the order

19  or not, as evidenced by the judge's concession that the BOP is not bound by his recommendation.

20  "[C]oncurrent sentences imposed by state judges are nothing more than recommendations to

21  federal officials."  Taylor v. Sawyer, 284 F.3d 1143, 1150 (9th Cir. 2002) abrogated on other

22  grounds by Setser v. United States, 132 S. Ct. 1463, 1473 (2012); see also Del Guzzi v. United

23  States, 980 F.2d 1269, 1272-73 (9th Cir. 1992).  For example, BOP "officials remain free to turn

24  those concurrent sentences into consecutive sentences by refusing to accept the state prisoner

25  until the completion of the state sentence and refusing to credit the time the prisoner spent in state

26  custody."  Sawyer, 284 F.3d at 1150.  Thus, the BOP is under no obligation to follow Judge

27  Stewart's 2014 recommendation.

28  ////

Moreover, the record reflects that petitioner already provided Judge Stewart's 2014 order to the BOP. (ECF No. 43 at 6.) In response, the BOP reiterated their position that because petitioner's federal conviction commenced on October 26, 2001, the BOP is unable to start petitioner's sentence prior to the date the federal sentence was imposed. (Id.) Because of their response, as well as the appropriateness of their response under § 3585(a), it would be futile to grant petitioner leave to amend his request before the BOP.

Finally, the record reflects that the BOP re-computed the commencement of petitioner's federal sentence from April 30, 2002, when petitioner was transferred into federal custody, to October 26, 2001, the date petitioner was sentenced in federal court. (ECF No. 25 at 53.) Thus, Judge Stewart's recommendation that petitioner's federal sentence be served concurrently with the state sentence was given full effect under the statute.

For the above reasons, the undersigned finds that petitioner's purported new evidence does not require reconsideration of the August 22, 2014 order.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for reconsideration (ECF No. 41) is denied.

Dated: August 13, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/espi0929.59e